[Civ. No. 9885.  Third Dist., May 15, 1961.]

JOE NAHHAS et al., Appellants, v. PACIFIC GREY-
HOUND LINES et al., Respondents.

Joe Nahhas and Najil Nahhas, in pro. per., for Appellants.

Hansen, McCormick, Barstow & Sheppard for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a defense verdict in a personal injury action.

The accident out of which this action arose occurred at the intersection of a county road and a through highway. Appellant Najil Nahhas, driving a truck owned by appellant Joe Nahhas, along the county road, entered the through highway from the west. Respondent Link, driving a Greyhound bus, was approaching the intersection from the south. There was evidence that Najil, apparently without looking for oncoming traffic, entered the highway intersection and was struck by the bus. Sufficiency of the evidence to support the jury's verdict is not and could not be challenged.

Appellants first contend that the trial court erred in refusing permission to Joe Nahhas to take the stand and testify. He was not an eyewitness, and it appears could have testified only in respect to the issue of damages, which issue the jury did not reach in its deliberations since the respondents were absolved of liability by the verdict. The following occurred: Although appellants at the trial were represented by counsel, it appears that all was not harmony between Joe and the attorney. At one point Joe informed the court he wished to take the stand and testify. The court told him that he had the right to do so, but that Najil had already testified in appellants' behalf. Joe replied to the court that Najil had not testified in his, Joe's, behalf. Appellants' counsel then stated that he did not intend to have Joe testify because he did not witness the accident, because his only interest was in the damage to the truck, which subject had been amply covered, and because the subject matters to which he wished to testify were incompetent, irrelevant, and immaterial, and would be prejudicial to Najil's case. Thereupon, the trial judge stated that there was nothing more he wished to say about the matter and the trial reconvened. It is not accurate to say, as appellants do, that the trial court prevented Joe from testifying. ▪▪▪ It is the prerogative of counsel, if not his duty, where he is of the opinion it would be detrimental to the best interests of the case he is presenting to have a certain witness testify, to refuse to call such witness, and even to persuade the clients against their expressed wishes to submit to his decision.

▪▪▪ ". . . It is common experience that attorneys and their clients frequently differ and even violently disagree between or among themselves with reference to the conduct or the procedure which should relate to the trial of the action.

However, it is well established law that the attorney has complete charge and supervision of the procedure that is to be adopted and pursued in the trial of an action. . . .'' (*Zurich G. A. & L. Ins. Co., Ltd.* v. *Kinsler,* 12 Cal.2d 98, 105 [81 P.2d 913].)

There is no merit to this first assignment of error.

Appellants further assign as error the giving of instructions on contributory negligence and last clear chance, asserting that they were so contradictory as given that the jury could not consistently apply the doctrine of last clear chance even if it should determine that the facts invoking the doctrine existed. The court gave the requested instruction on last clear chance and the instruction given was correct and adequate. The court also instructed on contributory negligence but no inconsistency was presented. ▆▆ The doctrine of last clear chance presupposes for its proper application the existence of contributory negligence and permits recovery despite contributory negligence in a proper case. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 738 [306 P.2d 432].) The court did not err in instructing on both and the charge of inconsistency is without merit.

▆▆ This appeal is from a judgment rendered in the second trial of the action and during the course of the trial occasional references were made to the fact that there had been a prior trial. The court instructed the jury that the first trial resulted in a verdict for defendants, but that the judgment was reversed for failure to give a certain instruction. The court further instructed the jury: ''[Y]ou are to ignore anything you have heard about the previous trial here. That is why a new trial is granted so it may be tried over without consideration of what happened before.'' It appears that certain portions of the transcript of evidence at the previous trial had been read into evidence and appellants now argue that this instruction in effect directed the jury to disregard the admitted portions of the transcripts of the previous trial. Reading the instructions we are not impressed with the claim that the jury could have been misled thereby. The charge significantly underestimates the intelligence of the average juror.

No other assignments of error require discussion.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.